```
                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ERNESTO DE JESUS PLAZA,<br><br>             Petitioner,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civ. No. 07-4756 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court upon the Government's motion to dismiss Mr. Plaza's petition for lack of subject matter jurisdiction [Docket Item 6].

**THIS COURT FINDS AS FOLLOWS:**

1. Mr. Plaza is an inmate confined at the Federal Correctional Institution in Edgefield, South Carolina [Docket Item 1]. He was found guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841 (a)(1) and (B)(1) (A) and sentenced on May 17, 2005 to a term of 120 months' imprisonment, before this Court in the District of New Jersey, in Criminal No. 02-673-09 (JBS).

2. On October 1, 2007, Mr. Plaza filed a "Petition and Motion for Sentence Clarification and/or Nuc Proc Tunc Order"[1] with this Court [Docket Item 1]. In this motion, Petitioner asserts that

---

[1] This Court nominally captioned the petition as a "Petition to Vacate, Set Aside or Correct Sentence" pursuant to § 2255 in its February 11, 2008 Order to Answer [Docket Item 2].

the Board of Prisons ("BOP") incorrectly computed his prison sentence by refusing to credit him with prior custody credit (254 days) for the period of June 24, 2003 through February 17, 2003. (Pet'r. Mot. at 2.)  The Court subsequently filed an Order to Answer, ordering Respondent to answer within forty-five days [Docket Item 2].  The Government then sought entry of an order vacating the February 11, 2008 order and was granted leave to file a dispositive motion [Docket Item 3].

3.  The Government filed the present motion to dismiss Mr. Plaza's petition for lack of jurisdiction with this Court on February 21, 2008 [Docket Item 6].  In its motion, the Government asserts that because Mr. Plaza is challenging the execution, rather than the validity of his sentence, such a motion must be properly brought under § 2241, rather than § 2255 [Def's. Mot. at 3].  Furthermore, the Government argues that under 28 U.S.C. § 2243, Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) and Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994), a district court sitting in New Jersey lacks jurisdiction to enter habeas relief, pursuant to § 2241 sought by a prisoner detained in South Carolina [Def's. Mot at 4].

4. Section 2241 of Title 28 of the United States Code provides, in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within the respective jurisdictions

> . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).  Section 2241 is the vehicle by which a federal prisoner may challenge the execution of his sentence.  <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-86 (3d Cir. 2001); <u>Oriakhi v. Samuels</u>, No. 07-4296, 2007 WL 2746829, *1, *2 (D.N.J. Sept. 18, 2007).  Challenges to the execution of a sentence include matters related to the computation of a prisoner's sentence by prison officials.  <u>Demeo v. Nash</u>, No. 05-774, 2005 WL 2416980, *1, *4 (D.N.J. Sept. 30, 2005).  By contrast, motions brought under § 2255 are reserved for post-conviction challenges to the legality of a federal criminal sentence.  <u>Coady</u>, 251 F.3d at 485.  Because Mr. Plaza is seeking a judgment that he is to be released from custody 254 days sooner than he otherwise would be, he is challenging the execution, rather than the validity, of his sentence.  Such a challenge therefore can only be properly brought under § 2241.  <u>Id</u>. at 485.

5.   Under 28 U.S.C. § 2243, a writ of habeas corpus must "be directed to the person having custody of the person detained."  Reading this provision together with § 2241(a), which states that district courts can only issue the writ "within their respective jurisdictions," it is clear that under § 2241, "whenever a habeas

3

petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld, 542 U.S. at 447; see Yi, 24 F.3d at 507 (explaining that warden of prison where detainee is held is considered the proper custodian for purposes of a habeas action).  Because Mr. Plaza is confined by the BOP in South Carolina, a challenge to the BOP's computation of his sentence may only be brought in the United States District Court for the District of South Carolina, which is the judicial district which has jurisdiction over his custodian, the Warden of the Federal Correctional Institution in Edgefield.  Therefore, this Court lacks jurisdiction to enter habeas relief.

6.  For the foregoing reasons, Respondent's motion to dismiss for lack of jurisdiction is granted.


**April 10, 2008**            **s/ Jerome B. Simandle**
DATE                           JEROME B. SIMANDLE
                               U.S. District Judge